COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, PLAINTIFF-APPELLANT, v. BURT THOMAS-AITKEN CONSTRUCTION COMPANY, *ET AL.*, DEFENDANTS, AND PROSPECT NATIONAL BANK, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 14, 1966—Decided April 4, 1966.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Theodore W. Geiser* argued the cause for plaintiff-appellant (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys).

*Mr. Reginald F. Hopkinson* argued the cause for defendant-respondent (*Messrs. Jeffer, Walter & Tierney,* attorneys).

PER CURIAM. Plaintiff appeals from a summary judgment granted in favor of defendant Prospect Park National Bank (bank).

On April 2, 1962 plaintiff issued a construction bond for defendant Burt Thomas-Aitken Company (Burt Co.), which company had agreed to build a school for Hillsdale Board of Education. Burt Co. later defaulted on that job. Plaintiff allegedly paid out over $100,000 and lost about $75,000 as a result of that default.

On December 1, 1961 a general indemnity agreement was purportedly executed by individual defendants, including defendant William Aitken, in favor of plaintiff in connection with the construction bond. The individual defendants purportedly acknowledged this agreement before defendant Richard Kuiphoff (Kuiphoff), a notary public. Aitken alleges his signature to be a forgery; he denies he signed the agreement or acknowledged his signature before Kuiphoff.

It appears in the deposition of Kuiphoff that he has been employed by the bank since 1941; he has been an assistant cashier for the past five years and a stockholder for ten years; he became a notary on his own accord, and not at the request of the bank, about eight years ago; he renewed his authorization to act as a notary, and the bank either paid the renewal fee or he paid it and was reimbursed by the bank. As an assistant cashier it was not part of his duties to notarize, but he did it for customers of the bank at their request, without fees, as an accommodation. Kuiphoff notarized on an average of 30 times a year, and he notarizes as an individual and not as a cashier. He knew defendant construction company was a depositor of the bank for several years, and he took the acknowledgments herein involved at the bank.

The trial court awarded summary judgment on the theory that there was no dispute of material fact and that, legally, Kuiphoff was not performing an act for the bank, but was instead acting in his official capacity as a notary public. The court therefore concluded that there was no fact question of agency since "this was not a bank transaction."

While it is true that the bank was not interested in the transaction covered by the indemnity agreement, and consequently that the acknowledgment thereof was not a "bank transaction," this fact alone is not dispositive of the issue herein. Rather, the question to be resolved is whether the alleged negligence of Kuiphoff was committed by him while he was acting in the scope of his employment. If it was, then the bank is liable. *J. L. Querner, etc., Inc. v. Safeway Truck Lines, Inc.,* 65 *N. J. Super.* 554, 563 (*App. Div.* 1961), affirmed 35 *N. J.* 564 (1961).

[2] The only evidence before the court on the motions for summary judgment was the deposition of Kuiphoff. Therein he stated, without contradiction, that the bank directly or indirectly paid the necessary fee for the renewal of his authorization to act as a notary and that he acted in such a capacity at the bank for the convenience of its customers on an average of 30 times a year, for at least eight years. The trier of the

facts could deduce therefrom that he so acted with the authority and approval of the bank and thus within the scope of his employment. 1 *Restatement, Agency* 2*d*, § 228, *p.* 504, and § 229, *p.* 506 (1958).

In this modern world of competitive banking, the efforts of a bank to improve its relations with its customers would be as much a part of the business of a bank as would be the performance of a "bank transaction." If the finder of fact concludes that when Kuiphoff performed his services as a notary he was actuated, in part at least, by a purpose to improve this customer relationship, his act likewise would be within the scope of his employment. *Id.,* at § 128(1)(b), *p.* 504.

Under all the circumstances, we determine that the question of agency, *i. e.,* whether Kuiphoff was acting within the scope of his employment when he took the disputed acknowledgment, is one for jury determination. See *Marion v. Public Service Elec. & Gas Co.,* 72 *N. J. Super.* 146 *(App. Div.* 1961). Thus, the granting of a summary judgment on that issue was error mandating a reversal.

Plaintiff argues that Kuiphoff's act in taking the acknowledgment was not an official act of a notary public because the instrument involved was not of the type that first must be acknowledged before recordation. *N. J. S. A.* 46 :15–1 and 46 :16–1. The determination of that issue is not necessary for the proper resolution of this case. In the event the jury determines that this act was performed by him as an agent, the bank would be liable, assuming all other elements of liability were established, even though his act in its notarial character might be categorized as an official action. See *Davey v. Jones,* 42 *N. J. L.* 28, 31 *(Sup. Ct.* 1879).

Reversed and remanded for a plenary trial.